UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY JOHNSON,

    Petitioner,

v.

CRAIG KOEING, et al.,

    Respondents.

Case No. 20-07371 BLF (PR)

**ORDER OF DISMISSAL; DENYING MOTION FOR STAY AND ABEYANCE**

(Docket No. 3)

Petitioner, a state convict proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the California Board of Parole Hearings.[1] Dkt. No. 1. Petitioner paid the filing fee. Dkt. No. 10. Petitioner also filed a motion for stay and abeyance, stating that his habeas petition is still pending before the California Supreme Court. Dkt. No. 3 at 3. For the reasons discussed below, the motion is denied and the petition is dismissed for failure to exhaust state judicial remedies.

///

///

---

[1] The matter was transferred to this Court as the proper forum from the Central District of California. Dkt. No. 11.

# I. DISCUSSION

## A. <u>Exhaustion</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement, including challenges to administrative decisions denying parole, are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c).

If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See id.*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

According to the petition and the papers submitted therewith, Petitioner was denied parole on October 24, 2019, after a parole suitability hearing. Dkt. No. 3; Dkt. No. 2 at 127 (Ex. H). He filed a state petition for writ of habeas corpus in the state superior court challenging the denial of parole on January 10, 2020; the petition was denied. *Id.* He filed another state petition in the state appellate court, which denied the petition on June 22, 2020. Dkt. No. 2 at 144. Petitioner then filed a state habeas petition in the state high court on July 9, 2020. Dkt. No. 1 at 4. As of the date he filed the instant action, the matter was still pending before the California Supreme Court. Dkt. No. 3 at 3. Accordingly, it is clear from the petition and motion for stay that Petitioner did not exhaust his state judicial remedies before filing this action, and it is therefore subject to dismissal on that basis. *See Rose*, 455 U.S. at 522.

Nor is a stay appropriate or necessary at this time because it does not appear that Petitioner is facing any risk of having the federal statute of limitations expire while he is waiting for the state high court's decision. For prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole, 28 U.S.C. § 2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the administrative decision becomes final. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (limitations period began to run the day after he received timely notice of the denial of his administrative appeal challenging disciplinary decision); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). A prisoner challenging an administrative decision, like the denial of parole, is entitled to statutory tolling while state habeas petitions are pending. *See Redd*, 343 F.3d at 1084. Accordingly, Petitioner's federal limitations period is currently tolled while his state habeas petition is pending in the state high court, and therefore a stay is unnecessary.

## II.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies. *See Rose*, 455 U.S. at 510. The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies, *i.e.*, the state supreme court issues a decision denying relief. Petitioner's motion for stay is DENIED. Dkt. No. 3.

This order terminates Docket No. 3.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 8, 2021

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.20\07371Johnson_dism(exh)

3